FILED
SUPERIOR COURT
OF GUAM

2022 APR 15 PM 4:17

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| ANGEL MIGUEL DIAZ CRUZ,<br><br>                  Plaintiffs,<br><br>vs.<br><br><br>JOSEPH M. M. CRUZ,<br><br><br><br>                  Defendants. | CIVIL CASE NO. CV1396-19<br><br><br>**DECISION AND ORDER**<br>**Defendant's Motion to Dismiss** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on February 17, 2022, for a motion hearing. Present at the hearing were: Plaintiff Angel Miguel Diaz Cruz ("Plaintiff") with Counsel Wayne Francis Gumataotao, and Defendant Joseph M.M. Cruz ("Defendant") with Counsel Curtis Van De Veld. At the hearing the parties made their arguments on the instant motion and the Court took the matter under advisement. Having considered the arguments and the applicable law, the Court hereby **GRANTS** Defendant's Motion to Dismiss and **GRANTS** Plaintiff leave to amend its complaint within 30 days.

## BACKGROUND

The instant case arises from Plaintiff's Verified Complaint filed on December 6, 2019, purporting to allege that Defendant fraudulently caused two parcels of Plaintiff's property to be deeded to Defendant as the grantee. V. Compl. pp. 2 -3 (Dec. 6, 2019).

A hearing on Defendant's Motion to Dismiss was held on February 17, 2022, wherein the parties made their arguments and the Court took the matter under advisement.

On March 4, 2020, Defendant filed a Motion to Dismiss for Failure to State a Claim and Plaintiff filed its Opposition on March 20, 2020.

## DISCUSSION

### I. STANDARD FOR FAILURE TO STATE A CLAIM UNDER GRCP RULE 12

The Guam Rules of Civil Procedure provide that a party may move for dismissal for failure to state a claim for which relief can be granted. Guam R. Civ. P. 12(b) (6). In deciding such a motion, the court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 9. "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Id.* "Dismissal for failure to state a claim is appropriate only of it appears beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

### II. STANDARD FOR CLAIMING FRAUD UNDER GRCP RULE 9

The elements of fraud include: (1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages. *Taitano*, 2008 Guam 12 ¶ 12.

Rule 9(b) provides, in relevant part, that "the circumstances constituting fraud or mistake shall be stated with particularity and that malic, intent, knowledge, and other conditions of state of mind of a person may be averred generally." *Ukau v. Wang*, 2016 Guam 26 ¶ 35; Guam R. Civ. P. 9(b). The standard is also known as the "who, what, when, where and how" requirement. *Id.* ¶ 47. "While statements of time, place, and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient."

*Taitano,* 2008 Guam 12 ¶ 15. Similarly, allegations based entirely on information and beliefs do not usually satisfy the particularity requirement of Rule 9 (b). *Id.*

"Rule 9(b) does not require a plaintiff to prove a claim of fraud at the pleading state." *Ukau,* 2016 Guam 26 ¶ 47. What is required is that a plaintiff set forth his claim with sufficient detail to provide notice to defendants of the particular fraudulent action is being alleged. *Id.* Although plaintiffs may fairly be expected to identify with specificity the defendant's alleged misrepresentations they are not expected to plead with specificity the defendant's state of mind. *Taitano,* 2008 Guam 12 ¶ 17.

A plaintiff can satisfy the "who" requirement by identifying the role of the defendant in the alleged fraudulent scheme. *Id.* ¶ 26. In cases where the exact timing of specific events is critical for determining fraud, lack of precision in alleging dates can be fatal to a pleading. *Id.* ¶ 28.

    a. *Plaintiff sufficiently pleads the elements of fraud.*

In viewing the motion in light most favorable to Plaintiff as the non-moving party the Court finds that Plaintiff pleads the elements for fraud with sufficient particularity. First, Plaintiff sufficiently pleads <u>misrepresentation</u> in the allegations in paragraphs 7, 8, 9, and 11 of its Verified Complaint. The alleged misrepresentation is reflected in paragraphs 7 and 9: "Defendant caused a deed to be filed… whereby Plaintiff the purported grantor and Defendant is the purported grantee." V. Compl. P. 2 (Dec. 6, 2019). The alleged misrepresentation is further reflected in paragraph 8 and 11 alleging that Defendant "forg[ed] the signature of Plaintiff on the deed and/or obtain[ed] the deed by serving in a confidential relationship with an elderly person… and failing to ensure that Plaintiff had independent counsel. *Id.*

Second, Plaintiff sufficiently pleads <u>intent to defraud</u>, <u>knowledge of falsity</u>, and <u>justifiable reliance</u> in the allegations in paragraphs 8 and 11. Paragraphs 8 and 11 allege that

Defendant "failed to ensure that Plaintiff had independent counsel regarding the purported transaction." *Id.* The alleged knowledge and intent is also reflected in paragraph 10: "the transfers were accomplished via Quitclaim deed without consideration." *Id.* Intent and knowledge of falsity need only be averred generally. *See Ukau,* 2016 Guam 26 ¶ 35. As such, the Court finds that the allegations set forth in paragraph 8, 10, and 11, generally allege Defendant's intent to defraud and knowledge of falsity, which is sufficient.

Finally, Plaintiff sufficiently pleads <u>resulting damages</u> in the allegations in paragraph 15 and 16. Paragraph 15 alleged that Defendant encumbered one or both of the subject parcels with mortgages without Plaintiffs permission. V. Compl. p. 3 (Dec. 6, 2019). Paragraph 16 alleges that Defendant leased one or both of the subject parcels without the permission of Plaintiff. *Id.* The alleged encumbrance and leasing of the parcels sufficiently plead Plaintiff's damages resulting from Defendant's conduct.

### b. *Plaintiff satisfies the "who, what, where, when, and how" requirement for particularity.*

Plaintiff identifies "who" made the alleged misrepresentation in the allegation in paragraphs 4, 7, 8, 9, and 11. Plaintiff first introduces Defendant by describing their relationship as father and son in its allegation in paragraph 4. Plaintiff then goes on to expressly identify "Defendant" in its allegations of the alleged misrepresentation in paragraph 7, 8, 9, and 11.

Plaintiff identifies "what, where, when, and how" the alleged misrepresentation was in the allegations in paragraphs 7, 8, 9, 10, and 11. Those paragraphs reflect a sufficient statement of the time, place, and nature of the alleged fraudulent activity. *See Taitano,* 2008 Guam 12 ¶ 15. The time of the alleged misrepresentation is indicated as "On or about March 24, 2017." V. Compl. p. 2 (Dec. 6, 2019). The place is indicated as "the Department of Land Management."

*Id.* Finally, the nature of the alleged misrepresentation is reflected in the language "Defendant caused a deed to be filed," and "by forging the signature of the Plaintiff on the deed and/or obtaining the deed by serving in a confidential relationship with an elderly person, taking the property out of the natural course and failing to ensure that Plaintiff had independent counsel regarding the purported transaction." *Id.* Defendant contends that "Plaintiff does not assert that the signature [sic] on the Deeds are not the Plaintiff's and that such were put on those deeds by the Defendant." Def.'s Mot. to Dismiss p. 6 (Mar. 4, 2020). Defendant also argues that "the notary is entitled to the presumption of validity." *Id.* at p. 8. Whether the signatures were in fact placed on the deeds by Defendant, and whether such signatures are presumed valid as they are notarized are related to *proving* the claim for fraud. Proving the claim of fraud is not required at this stage of the proceedings. Instead, the applicable standard here is whether Plaintiff pleads the claim for fraud with sufficient particularity. The Court finds that Plaintiff plead the elements of fraud with sufficient particularity.

### III. PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE THE COURT'S JURISDICTION AS IT RELATES TO THE STATUTE OF LIMITATIONS.

Title 7 GCA § 11305 sets forth the three year applicable statute of limitations for a fraud claim. The statute states in relevant part:

> The cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.

7 GCA § 11305(b). The Supreme Court has held that "the statute of limitations will begin to run when the plaintiff suspects or should suspect that his injury was caused by wrongdoing or that someone has done something wrong to him." *Burkhart v. Miranda,* 2013 Guam 2 ¶ 26. "Discovery" occurs when a plaintiff could have discovered the wrongful acts with reasonable diligence." *Id.*

The Supreme Court has specifically held that "the question of when [the plaintiff] discovered [an] error in the deed is important in determining the commencement of the statute of limitations period on any claim that the deed constituted an agreement to convey the property." *Id.* ¶ 27. While fraud claims must be plead with particularity, there is no such requirement for a statement of why the statute of limitations should not apply. *Taitano v. Calvo Finance Corp* ("Taitano II"), 2009 Guam 9 ¶ 30.

Defendant argues that Plaintiff fails to plead when or how he "recently discovered" the alleged misrepresentation and that Plaintiff must plead sufficient facts to demonstrate the tolling as required in *Amsden v. Yamon*, 1999 Guam 14. Def.'s Mot. to Dismiss pp. 5-6 (Mar. 4, 2020). In contrast, Plaintiff urges the Court to consider *Ponderosa Homes Inc. v. City of Ramon*, 23 Cal. App. 4th 1761, 1768 (1994), which requires that one plead facts which show an excuse, tolling, or some other basis for avoiding the statutory bar." Pl.'s Opp'n. p. 12 (Mar. 20, 2020). The Supreme Court has expressly stated that "neither *Amsden* nor *Ponderosa* should be read as establishing a heightened pleading requirement for jurisdictional issues." *Taitano II*, 2009 Guam 9 ¶ 27. Rather, *Amsden* stands for the proposition that a pleading should affirmatively indicate the source of the court's jurisdiction to hear the case. *Id.*

Plaintiff must affirmatively state a short and plain statement indicating that the court has jurisdiction to hear the case. The question of when Plaintiff discovered the alleged misrepresentation as it relates to the deeds is important in determining the commencement of the statute of limitations. *See Burkhart*, ¶ 27. Plaintiff's allegation in paragraph 12: "Plaintiff only recently discovered sufficient facts to form his good faith belief that Defendant committed fraud as described with particularity herein and above" is not sufficient to satisfy a short and plain statement affirmatively indicating the court's jurisdiction. V. Compl. p. 3 (Dec. 6, 2019).

The Court finds that the phrase "recently discovered" is too vague for the court to establish when the statute of limitations begins.

**CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Dismiss and **GRANTS** Plaintiff leave to amend its complaint within 30 days.

**IT IS SO ORDERED** ___APR 1 5 2022___ .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_Guam Attorpo_
_Van Devlld_
Date: _____ Time: _____ 4/15/22
Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam